**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**DAMALAS BOULDIN**                                                                              **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO. 3:06CV399WA**

**CITY OF MENDENHALL, MISSISSIPPI;**
**SIMPSON, MISSISSIPPI and JIMMY CHARLES**
**J. SULLIVAN, Individually and in his official**
**capacity**                                                           **DEFENDANTS**

**ORDER**

This matter came before the court on the Motion to Quash Subpoena for Production of Documents and Video/Audio Tape and Objections. The Motion was served on the Plaintiff on September 26, 2006, and, as of this date, no response has been submitted; however, the court has reviewed the Motion and finds that it should be denied, for several reasons. First, the Motion is not accompanied by a Certificate of Good Faith. Unif. Local R. 37.1(A) requires counsel to confer in good faith prior to the filing of a discovery motion and goes on to state, "A Good Faith Certificate (Official Form No. 5) shall be filed with all discovery motions, with a copy to the Magistrate Judge." Thus, the moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a discovery motion.

Second, the Department of Public Safety is already adequately protected by Fed. R. Civ. P. 45(c)(2)(B). That Rule permits a non-party served with a subpoena to serve objections on the party seeking documents, after which "the party serving the subpoena shall not be entitled to inspect and copy the materials ... except by order of the court . . . ." In accordance with the Rule, the burden is then on the party seeking documents to persuade the court that they should be produced. This Rule does not contemplate that the objections be filed with the court, only that they be served.

For all of these reasons, the Motion to Quash will be denied. This denial is not intended to reflect the court's opinion on the ultimate issue of whether investigative documents are subject to production in this case, should that question be properly presented to the court. However, if the Department intends to rely on a claim of privilege, the court notes that an exemption to the Mississippi's Public Records Act, Miss. Code Ann. §§ 25-61-1 through -17 (1972 & Supp. 2000), such as the one established for investigative material, is not functionally equivalent to a privilege against production. *Miss. Ethics Comm'n v. Comm. On Professional Responsibility*, 672 So. 2d 1222, 1224 (Miss. 1996).

IT IS, THEREFORE, ORDERED that the Motion to Quash Subpoena for Production of Documents and Video/Audio Tape and Objections is hereby **denied**.

IT IS SO ORDERED, this the 27th day of October, 2006.


                                                        S/Linda R. Anderson
                                        UNITED STATES MAGISTRATE JUDGE